## CHEVALIER *vs.* BORIE.

**APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.**

If an overseer be employed for one year, but discharged without cause before its expiration, he may at once sue for his wages. But if he be reconciled with his employer and resumes the management of the plantation, he cannot sue until the expiration of the year.

The facts of this cause are fully stated in the opinion of the court, delivered by *Martin, J.*

The plaintiff claimed one year's wages as the defendant's overseer on a special agreement, and his discharge, before the expiration of the year, without a good cause.

The defendant, besides the general issue and other pleas, prayed the dismissal of the suit, as being untimely and prematurely brought, before any thing was due, and for the dissolution of a provisional seizure obtained by the plaintiff on account of its being illegally granted, as being unauthorised either by the law or the allegations of the parties, and because no bond had been given for the security of the defendant, and damages were prayed in reconvention.

The district judge did not act on the dilatory plea, nor on that relating to the sequestration, but gave judgment for the plaintiff on the merits, and the defendant appealed.

It appears the plaintiff came to the defendant in May, 1830, and in the beginning of January following, difficulties arising between them, the latter told the former to get a place before the end of the month. The plaintiff went away, but being advised to return, did so, on the day of his departure, and they were reconciled. He remained on the plantation, and in the defendant's house, till another difficulty arose twelve days after the institution of the present suit and the service of the writ of sequestration. The plaintiff was then discharged, and did not return any more.

If an overseer be employed for one year, but discharged without cause before its expiration, he may at once sue for his wages. But if he be reconciled with his employer, and resumes the management of the plantation, he cannot sue until the expiration of the year.

At the institution of the present suit it is clear the plaintiff had no claim, for his year did not expire till some time in May, and the suit was instituted on the 28th of January preceding. Whatever right he might have claimed under his discharge in the beginning of January, was waived by his return on the day of his departure and the subsequent reconciliation. His resuming his work gave him a claim for his subsequent services till the end of the year, and this claim is inconsistent with that for a whole year, resulting from his first dismissal; for otherwise he would be paid for the whole and a part of the same year. The second dismissal may have given him a claim for a whole year's wages; but this claim arose on a day posterior to the institution of the present suit.

There is no evidence on the record in regard to the damages claimed for the irregular sequestration.

It is, therefore, ordered, adjudged and decreed, that the writ of sequestration be dissolved, and the suit dismissed, the appellee paying costs in both courts.