ROSEMOND DUGAS et als. v. MANUEL TRUXILLO.

Where the appellee has moved for and obtained the dismissal of an appeal, the case not having been tried on its merits, the appellant may appeal again if he claims the right to appeal within a year from the rendition of judgment.

Where an action has been brought to recover property, and at the time of the commencement of the suit one of the plaintiffs had no interest in the title, having previously transferred his rights, but subsequently acquires interest by an act of retrocession—*Held:* That the want of interest at the time of the institution of the action is a good ground for a judgment of nonsuit, and that the act of retrocession thus passed after the commencement of the suit is not admissible in evidence.

Where two separate and conflicting surveys of land had been made by the authority of the United States, the first of which had never been approved, but the parties had entered into a notarial agreement to respect it in preference to the last—*Held:* That the parties are bound by this agreement so long as it remains in force, and has not been set aside by a direct action of rescission.

APPEAL from the District Court of the Parish of Ascension, *Duffel*, J.
*A. Gentile*, for plaintiffs and appellants. *Mills & LeBlanc*, for defendant.

MERRICK, C. J. This is the second appeal taken in this case, and there is a motion to dismiss the same in consequence, as alleged, of the failure by appellants to prosecute the former appeal. That appeal was dismissed on motion of the *appellees*, and cannot be considered as an abandonment of the appeal by the appellants. The second appeal having been taken within the year, is valid under the authority of the case of *Smith* v. *Vanhille*, 11 La. 382. The motion is, therefore, overruled.

This is another suit growing out of the surveys of certain back concessions on the Lafourche, made by *Grinage & Bonnet* in 1822–1825, the history of which may be read in the several cases of *Kittridge* against *E. Landry, G. Breaud, Dugas, Breaud, Landry* and *Dugas*, reported in 2 Rob., pp. 40, 72, 85 ; 4 Rob. 79, 6 Rob. 478 and 482.

The original front concession of the tract claimed by the plaintiffs was confirmed to one *Como*, and the rear concession was entered in the name of *Charles Maurin*. Between the years 1822 and 1825 inclusive, the back concession of this tract with some others was surveyed by the United States Deputy Surveyor, *Bonnet*, but this survey was never approved. Instead of protracting the side lines of the original concessions in their proper direction, they were made to deflect, so that portions of each tract lay transversely in the rear of some other tract. In 1830, the United States caused a regular survey of the back concessions, by extending the side lines so as to embrace the quantity due to each front tract.

In 1833, the authors of the respective parties to the present suit, and some others entered into a notarial agreement to respect and maintain the lines run by *Bonnet*.

The land in controversy is that brought in conflict by the two surveys. See 2 Rob. 76 and 87.

DUGAS<br>v.<br>TRUXILLO.

The plaintiffs claim that the survey made and approved in 1830 shall prevail. The defendants say that the notarial agreement entered into before *Jean Materre* by the plaintiffs' author, *Jean Dugas*, is obligatory upon the plaintiffs. It is as follows, viz :

" Lesquels comparans, considérant qu'il s'est élevé des difficultés de la part de certains acquéreurs de partie des doubles concessions acquises par les comparans, leurs représentans ou leurs prédécesseurs, sur les terres maintenant occupées par partie des sus-nommés, lesquels acquéreurs se refusent ou pourraient se refuser par la suite à acquitter le prix des terres achetées par eux sous le titre de doubles concessions. En conséquence, les dits Sieurs *André Leblanc, Jean Dugas, Maxile Leblanc, Pierre Blanchard, Armand Landry, Simonet Leblanc, Ursin Leblanc, Raphaël Mollère, Valery Braud, Eugène Landry* et *Jeannet Landry* déclarent persister à maintenir et à considérer l'arpentage fait, les lignes tirées et les bornes posées par *L. Auguste Bonnet*, député arpenteur des Etats-Unis pour l'Etat de la Louisiane comme bons et valables *par rapport à eux* ou leurs *ayanscause*. Bien entendu, cependant, que le *Sr. André Leblanc* déclare ne plus maintenir le présent acte aussitôt qu'il s'élèverait des contestations judiciaires qui lui deviendraient préjudiciables et qui tendraient à changer la ligne inférieure de son habitation, telle qu'elle est maintenant, n'importe de quelle part puisse venir la dite contestation. Dont acte, &c."

The judgment of the lower court was a final judgment in favor of the defendants, and the plaintiffs appeal.

There are two grounds which justify a judgment of nonsuit, instead of a judgment quieting defendant's title.

The first is the fact, that at the time of the commencement of the suit *Murille Landry* had no interest in plaintiff's title, and the court erred in permitting the act of retrocession from the heirs of *Henry Landry* to him, which was passed after the commencement of the suit, to be offered in evidence. It is true, *Murille Landry*, after he had acquired title, might have intervened in the suit, but this right did not render valid his original suit. See C. P. 15 ; 3 La. 300.

The second ground is, that the plaintiffs cannot, in this form of action, and with their present allegations, and the present parties to this suit as defendants, attack the Materre act, which is a bar to their action so long as the same remains in force. 1 An. 38. As they are not permitted to question that act in this suit, so they ought not to be precluded by any judgment based upon it.

Whether error or the violation of the rights of any of the parties to the act by the vendees of other parties to the same, will give rise to the action of rescission or to any other action, or whether such action may or may not be prescribed, are questions upon which it must not be inferred that we have formed any opinion.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendants as in case of a nonsuit, and the like judgment on the demand in warranty, the defendants paying the costs of the appeal and their calls in warranty (which they moved to dismiss), and the plaintiffs all other costs of the lower court.