## BONER, ET AL., v. FALL RIVER COUNTY BANK.

(No. 899; Decided May 28th, 1917; 164 Pac. 1140.)

APPEAL AND ERROR—BRIEFS—DELAY IN FILING—EXCUSES FOR NOT FILING BRIEFS.

1. The failure of plaintiffs in error to file their briefs within the time required by the rules, was not excused by the sickness and absence from the state of their resident attorney, and the non-resident attorney's lack of knowledge, that the proceedings in error were perfected, or that the time for filing briefs had arrived, or that the briefs were not filed, where such non-resident attorney intended to complete the brief, and knew of the resident attorney's absence, and, though furnished a copy of the rules, made no effort to ascertain from the clerk of the court whether the brief had been filed.

ERROR to District Court, Niobrara County; WILLIAM C. MENTZER, Judge.

Action between F. M. Boner and others and the Fall River County Bank. On motion to dismiss proceedings in error by F. M. Boner and others. Motion granted, and proceedings dismissed.

*J. E. Porter* of Crawford, Neb., and *John W. Hartwell* of Lusk, for plaintiffs in error.

*John F. Harkin* of Lusk and *Wm. B. Ross* of Cheyenne, for defendant in error.

BEARD, JUSTICE.

This case is before the court on the motion of defendant in error to dismiss the proceedings in error for the reason that no brief was filed by plaintiffs in error within the time required by the rules or at all. The petition in error was filed January 31, 1917, and the motion to dismiss was filed April 16, 1917. Under the rule (Rule 15) plaintiffs in error had sixty days after the filing of the petition in error within which to file their brief. Their time, therefore, expired April 1, 1917, and no brief was then or ever has been filed, nor was any extension of time for so doing applied for or granted. In resistance of the motion each of the attorneys

for plaintiffs in error has filed an affidavit. Mr. Porter, a non-resident attorney, states in his affidavit that Mr. Hartwell, an attorney at Lusk, in this state, was associated with him in the case from its inception. "That I attended to the preparation of the Bill of Exceptions, and in Mr. Hartwell's absence from Lusk, believing that the time within which to file and docket the case in this court was about to expire, I transmitted the Petition in Error and sent praecipe to the clerk of this court, but omitted to sign Mr. Hartwell's name or his name as signed was not recognized by the clerk, who notified me that the case could not be docketed until a Wyoming attorney appeared for appellant, and that the time for docketing would not expire until June, 1917, I believe it was; I have not the letter referred to, as I sent it to Mr. Hartwell, and I am informed that it has been mislaid or lost. That I immediately communicated with Mr. Hartwell and shortly afterwards saw him personally, and informed him that as I was not familiar with the Wyoming practice, I would expect him to look after the perfecting of the appeal and that he would let me know when it was perfected and when the rule or brief day was. During the months of February and March on different occasions I tried to communicate with Mr. Hartwell by long distance telephone, as to this matter, but was informed that he was out of the city, and I had no knowledge that the appeal was perfected or that the brief time had arrived, and if arrived that briefs were not filed until notice of this motion was served upon me. I did of course expect to aid in the preparation of briefs, but depended entirely upon my associate, Mr. Hartwell, to prepare draft brief and see that no advantage was lost by reason of lapse of time."

Inasmuch as it is stated in the affidavit that the letter of the clerk to affiant became mislaid or lost, we have taken the liberty of referring to the carbon copies of the clerk's letters to Mr. Porter and find the following: On January 26, 1917, he wrote Mr. Porter: "Your letter of the 22nd inst. enclosing petition in error, praecipe for summons in error, application for original papers and journal entries, and ten dollar

fee, in the case of Boner vs. Fall River County Bank, was received day before yesterday. Before the petition in error can be filed it is necessary for you to either file an application for permission to file and prosecute the case in this court, or to associate yourself with some member of the Wyoming bar in the case. If you will kindly do either of these things the petition will be filed at once and summons in error and order for papers issued. For convenient use I am sending you the rules of this court and also the statutes governing admission."

We also observe in the clerk's files a copy of a letter to Mr. Porter dated January 31, 1917, advising him that Mr. Hartwell had entered his appearance, and that the petition in error and other papers in the case had been filed, and summons in error and order for papers and entries issued that day. Mr. Hartwell states in his affidavit that he did not at the time understand that he was to attend to the preparation and filing of the brief; that Mr. Porter prepared the bill of exceptions and soon thereafter he (Hartwell) went to South Dakota and was there taken ill and did not return until early in April, 1917; that he did not notify Mr. Porter of his absence.

It clearly appears from Mr. Porter's affidavit that he was to complete the brief at least before it should be filed, and that he knew of Mr. Hartwell's absence from Lusk. He could have easily ascertained from the clerk of this court whether the brief had been filed. A copy of the rules of this court appear to have been sent to him; but if not, he could have applied for them, and it was his duty in any event to learn what they were and to comply with them. The facts do not show such unavoidable casualty as would excuse the failure to file and serve the brief, or the failure to apply for an extension of time for so doing.

The motion to dismiss the proceedings in error will be granted and the proceedings in error dismissed; and it is so ordered.          *Proceedings in error dismissed.*

POTTER, C. J., concurs.

SCOTT, J., did not sit.