## BONER v. FALL RIVER COUNTY BANK.

(No. 911; Decided November 19th, 1917; 168 Pac. 726.)

APPEAL AND ERROR—TIME FOR COMMENCING PROCEEDINGS IN ERROR—
STATUTE—DISMISSAL OF PROCEEDINGS FOR FAILURE TO FILE BRIEFS—
RULE OF COURT—NEW PROCEEDINGS WITHIN PERIOD ALLOWED BY
STATUTE—RETURN OF PAPERS FOR RECERTIFICATION—WORDS AND
PHRASES—"AFFIRMED" MEANS TO RATIFY OR CONFIRM.

1. Compiled Statutes, 1910, Section 5122, providing that no proceeding to reverse, vacate or modify a judgment or final

order shall be commenced within one year after rendition or making thereof, is a statute of limitations, and it is not within the power of the appellate court, by rule or otherwise, to shorten or lengthen the time fixed.

2. A dismissal of proceedings in error for failure to file briefs as required by Rule 15 of the Supreme Court, or for other causes not affecting the merits, is not in law an affirmance of the judgment, so as to prevent a second proceeding within one year after the rendition of the judgment, or making of the final order complained of, as provided by Compiled Statutes, 1910, Section 5122, since to "affirm" is to confirm or ratify, implying an affirmative act on the part of the appellate court and a consideration and determination of the merits.

3. Where proceedings in error were dismissed for failure to file briefs within the time required by the rules, and before the expiration of the thirty days allowed by Rule 23 of the Supreme Court within which to apply for rehearing, another proceeding in error was commenced and the record refiled in the Supreme Court, it was not necessary to return the papers to the clerk of the District Court for recertification and return to the Supreme Court in said proceeding.

ERROR to District Court, Natrona County; HON. WILLIAM C. MENTZER, Judge.

Action between F. M. Boner, et al., and the Fall River County Bank, a corporation. From a judgment for the bank, Boner, et al., bring error. The bank moved to strike the petition in error and other papers from the files, on the ground that the original proceedings in error were dismissed for failure on the part of plaintiffs in error to file briefs within the time required by the rules, and that a second proceeding in error by refiling the papers in this proceeding, was unwarranted.

*Matson & Kennedy* and *J. E. Porter,* for plaintiffs in error.

*John F. Harkin* and *William B. Ross,* for defendant in error.

BEARD, JUSTICE.

Final judgment of the District Court in this case was rendered June 28, 1916. Proceedings in error were commenced January 31, 1917. May 28, 1917, said proceedings in error were dismissed by this court on motion of defendant in error for the reason that plaintiffs in error had failed to file their brief within the time required by the rules of this court. (164 Pac. 1140.) June 25, 1917, plaintiffs in error filed a second petition in error and praecipe for summons in error, and caused the original papers, journal entries and bill of exceptions which had been sent up and filed on the former proceedings, which had been dismissed, to be refiled in this proceeding; the second petition in error being a copy of the first one. August 9, 1917, defendant in error filed its motion to strike from the files said last mentioned petition in error and all other papers filed by plaintiff in connection therewith, for the reasons: "First: That on the 31st day of January, 1917, the plaintiffs in error filed a petition in error and instituted an appeal in said case, and on the 28th day of May, A. D. 1917, said appeal was dismissed for the reason that plaintiffs in error failed to file their briefs within the time required by the rules of this court, or at all; that said proceedings in error have never been reinstated; that said dismissal has never been cancelled, revoked, set aside or reversed. Second: That the decision dismissing the proceedings in error removed the whole cause from the Supreme Court, and the record, since the proceedings in error was dismissed on May 28th, 1917, has not been refiled or sent back from the District Court to the Supreme Court and no new record has been filed. Third: That the law makes no provision for the institution of a second proceedings in error when a proceeding in error has already in the same case been dismissed. Fourth: That There is no provision, under the law, for a second appeal from the same proceedings in this court on a record presenting the same questions. Fifth: That there is no provision, under the law, for two appeals to the Supreme Court."

Two questions are presented by the motion: (1) Was the dismissal of the first proceedings in error, for the reasons stated, such an affirmance of the judgment as to prevent subsequent like proceedings within the time allowed by the statute for commencing such proceedings? (2) In the circumstances of this case was it necessary to have the record filed in the first proceeding returned to the District Court, recertified and returned to this court?

1. The statute, Section 5122, Comp. Stat. 1910, provides: "No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of"; (with certain exceptions not involved here). Rule 15 of this court provides: "When the plaintiff in error or party holding the affirmative has failed to file and serve his brief as required by these rules, the defendant in error or party holding the negative may have the cause dismissed, or may submit it, with or without oral argument."

The statute is a statute of limitations defining the time within which the proceedings must be commenced, and it is not within the power of the court by rule or otherwise to either shorten or lengthen the time so fixed. There is nothing in the statute making a dismissal of the proceedings in error for a failure to file and serve briefs in effect an affirmance of the judgment. In that respect our statute is different from the statutes of a number of the states. Section 4823, Rev. Stat. 1887, Idaho, provides: "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal." California, Montana and Virginia have statutes to the same effect; and Georgia has, or at least had when the cases cited by counsel for the motion were decided, a constitutional provision to the effect that in case the plaintiff in error shall not be prepared at the first term of the court after error brought, to prosecute the same, unless precluded by some providential cause from such prosecution, it shall

be stricken from the docket, "and the judgment of the court below shall stand affirmed." Therefore the decisions from those states, cited by counsel, are not applicable here. In the absence of such constitutional or statutory provision we are of the opinion that under our statute and rule on the subject a dismissal of proceedings in error for the failure to file briefs or for other cause not affecting the merits of the case is not in law an affirmance of the judgment, strictly speaking. To affirm is to "confirm, or ratify; to maintain as true." (Webster's New International Dictionary.) It implies an affirmative act on the part of the appellate court—a consideration and determination of the merits of the controversy—and not merely for the court to decline to consider the matter by reason of the failure of plaintiff in error to prosecute his cause with diligence or in accordance with the established rules of practice. "The effect of the dismissal of an appeal is, as a general rule, to leave the case as if there had been no appeal. An order of dismissal does not preclude a second appeal. But a dismissal will not authorize a second appeal after the time limited for appealing." (Elliott's Appellate Procedure, Sec. 535.) "In the absence of some contravening statutory provision, it has been very generally held, that, where an appeal or writ of error has been dismissed voluntarily or by the court for failure to comply with some requirement of the law governing the proceeding rendering the appeal ineffective, a second appeal or writ of error is not barred if taken in due time." (3 C. J. 348.) The rule as thus stated is supported, either directly or inferentially, by many authorities, among which are the following: Ashley v. Brasil, 1 Ark. 144; Turner v. Tapscott, Admr., 29 Ark. 318; Sanders v. Moore, 52 Ark. 376, 12 S. W. 783; Freas, et al., v. Engelbrecht, et al., 3 Colo. 377; Harris v. Ferris, et al., 18 Fla. 81; Railroad Co. v. Soap Co., 74 O. St. 359, 78 N. E. 506; State ex rel. v. Silverstein & Co., 77 Mo. App. 304; State ex rel. Kearney v. Finn, 87 Mo. 310; Weeks v. Medler, 20 Kan. 57; Kelner v. Cowden, Admr., 60 W. Va. 600, 55 S. E. 649; French v. Row, 28 N. Y. Supp. 849,

77 Hun, 380; Smith, et al., v. Vanhille, et al., 11 La. (O. S.) 382; Dugas, et al., v. Truxillo, 15 La. Ann. 116; Mc-Graw et ux. v. O'Beirne, 126 La. 583, 52 South, 775.

Under Rule 15 of this court the defendant in error has an election whether he will have the proceedings dismissed or submitted, ex parte, on the merits. If a dismissal is in effect an affirmance of the judgment, the other provision of the rule could not benefit him. If by moving to dismiss he can have the judgment finally and for all purposes affirmed, there appears to be no reason why he should submit the case on the merits and thereby take the risk of a reversal. The alternative provision contained in the rule was evidently adopted for the purpose of giving to the defendant in error the right to have the proceedings dismissed subject to the right of the plaintiff in error to bring new proceedings within the time allowed therefor, or to have the case finally determined on the merits. We think the rule clearly indicates that a dismissal as therein provided was not intended to have the effect of an affirmance of the judgment so as to prohibit a second proceeding within the statutory time for such proceedings.

Counsel have cited the case of McConnell v. Swailes, 2 Scammon (Ill.) 571, a case often cited and followed in like cases, in which the court said: "This court does not entertain a doubt, but that the dismissal of an appeal, or certiorari, is equivalent to a regular, technical affirmance of the judgment, so as to entitle the party to claim a forfeiture of the bond, and have his action therefor. The bond given in such case is conditioned 'to pay the debt and costs, in case the judgment shall be affirmed, on the trial of the appeal.' What is the object of this requirement, and what its meaning and intention? Manifestly to secure the opposite party in his debt and costs, in case the judgment shall not be reversed; in case he shall be, in the Circuit Court, the successful party. By a dismissal of the appeal either by the court, or by the act of the appellant himself, the appellee is the successful party; he has not lost what he gained before the magistrate. He is placed in the same situation he occu-

pied before the appeal was taken; and we see no propriety in attributing to such a judgment of dismissal less efficiency than to a more formal and technical one of affirmance."

The action was upon an appeal bond, and there was no question as to the right to a second appeal in the case. That case and similar cases simply decide that the language of the bond, "in case the judgment shall be affirmed," means in case the judgment is not reversed; and that a dismissal of the appeal or error proceedings leaves the party in the same situation he was in before the appeal or proceeding in error was taken. It leaves the judgment stand and creates a cause of action upon the bond given to secure payment of the judgment in case it is not reversed, whether that is the result of a decision on the merits or a dismissal of the appellate proceedings. Our statute recognizes a distinction between an affirmance of a judgment or final order, and a dismissal. In the chapter relating to proceedings in error, and providing for a stay of execution pending the proceedings, it is provided: "When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in such sum as shall be fixed by the court or the judge thereof to the effect that the plaintiff in error will pay the condemnation money and costs, if the judgment or final order be affirmed in whole or in part, or if the proceedings in error be dismissed." (Sec. 5116, Sub-Div. 1, Comp. Stat. 1910.) We think it clear that if the Legislature deemed a dismissal of the proceedings in effect an affirmance of the judgment it would not have added the last clause of the sentence quoted, and in the disjunctive form.

2. Was it necessary to return the papers certified to this court by the clerk of the District Court in the former proceeding and have them recertified and returned in the present proceeding? A sufficient answer to that question is that it is not claimed that the record on file in this proceeding is not the record in the case, the judgment in which it is sought to reverse. By Rule 23, plaintiff in error had thirty days from the decision on the motion to dismiss within which to

apply for a rehearing; and during that time the papers remain in this court. Within that time this proceeding was commenced and the record being already here was refiled. It would have served no purpose to have had them returned to the clerk of the District Court simply to have them at once returned here. The court will not require a useless thing to be done, or when a failure to do it can neither benefit or injure either party. "The dismissal of the appeal takes the case and the parties out of court, and the refiling of the transcript is the filing of a new appeal." (Elliott's Appellate Procedure, Sec. 535.)

The motion to strike the petition and papers from the files is denied; and defendant in error will be given forty-five days from this date within which to file and serve its brief on the merits.                           *Motion denied.*

Potter, C. J., concus.

Blydenburgh, J., did not sit, not being a member of the court at the time the case was submitted.