## BROWN v. BROWN
### (No. 1119; Decided Nov. 16, 1922; 210 Pac. 390)

Appeal and Error—Filing of Briefs—Dismissal of Appeal—Sufficiency of Application for Extension of Time for Filing Briefs.

1. Failure to file briefs within 60 days after filing of record on appeal is ground for dismissal.

2. An application for extension of time within which to file briefs made after the expiration of time allowed by court rule No. 15 for filing briefs, will not be granted except in extreme cases.

3. An application for extension of time for filing briefs made after the expiration of time allowed by court rule, No. 15 on the ground of absence of counsel, held, under the facts, insufficient to show "unavoidable casualty or overwhelming necessity," preventing compliance with the rule.

Appeal from District Court, Goshen County; Hon. William A. Riner, Judge.

Heard on motion to dismiss appeal for failure to file briefs.

*Roushar & Dwinnell, Beeler, Crosby & Haskins,* for the motion.

Appellant failed to file brief within 60 days after the filing of record on appeal, and no application for extension of time was made prior to the expiration of the 60-day period as required by Rules 15 and 20, respectively. The Supreme Court rules have the force of a statute. (Cronkhite v. Bothwell, 3 Wyo. 739, 31 Pac. 400; Robertson v. Sharrow & Co., 10 Wyo. 368, 69 Pac. 1; Sheehan v. First Macey Ditch Co., 12 Wyo. 176, 73 Pac. 964; Cook v. South Omaha Nat'l. Bank, 13 Wyo. 187, 79 Pac. 18; Small v. Johnson Co. Savings Bank (Wyo.) 92 Pac. 289, 20 Wyo. 376, 123 P. 913; 20 Wyo. 486, 124 Pac. 764, 132 Pac. 433; 136 Pac. 1195; 22

Wyo. 397, 143 Pac. 1199; 23 Wyo. 207, 147 Pac. 621; 23 Wyo. 417, 152 Pac. 787.)

The motion to dismiss should be sustained.

*John L. Sawyer, Morrow & Morrow* and *Hoagland & Carr,* for plaintiff and appellant.

KIMBALL, Justice.

No brief on behalf of appellant having been filed within sixty days after the filing in this court of the record on appeal, the respondents moved to dismiss the appeal for that reason. (The "W" Sheep Company v. Pine Dome Oil Co. (Wyo.) 210 Pac. 389, November 15, 1922.)

After the filing of the motion to dismiss, the appellant filed a motion asking for further time in which to file a brief. By Supreme Court Rule 20 (104 Pac. XIV) it is provided that by consent of parties, or for good cause shown before the expiration of the time allowed by rule, the court or a justice thereof may extend the time for filing briefs. There is no authority in the rules for an extension of time, or the granting of a new time, after the sixty days allowed by Rule 15 (104 Pac. XIII) has expired, though, as illustrated by Fried v. Guiberson (Wyo.) 201 Pac. 854, and the cases there cited, the court is not without such power in extreme cases.

We think there is no good reason for exercising this power in the case at bar. The only ground urged in support of the motion for an extension of time is that during the time within which the brief should have been filed one of the five attorneys whose names appear as counsel for appellants was required to be absent from his home. The exact duration of this absence is not disclosed, nor does any reason appear why this attorney, in spite of his temporary absence, or some one of the other attorneys, could not have prepared and filed the brief, or secured an extension, in time. It cannot with reason be claimed that this is a case where an "unavoidable casualty or overwhelming necessity" has prevented compliance with the rule. (Cronkhite v. Bothwell, 3

Wyo. 739, 31 Pac. 400; Robertson v. Shorrow, 10 Wyo. 368, 69 Pac. 1; Cook v. Bank, 13 Wyo. 187, 79 Pac. 18; Ford v. Townsend, 22 Wyo. 397, 143 Pac. 356, 1199.)

*The motion to dismiss must be granted.*

BLUME, J., concurs.   Potter, Ch. J., being ill, did not sit.