## STIRRETT v. STIRRETT*
(No. 1323; April 20, 1926; 244 Pac. 1006.)

APPEAL AND ERROR—FILING OF BRIEFS—MOTION TO DISMISS.

1. Supreme Court may in proper case allow filing of brief by party after expiration of period limited therefor by rules.

2. Fact that plaintiff in error did not file briefs within time required by rules of Supreme Court because of mistaken belief that time for filing had been extended *held* not to justify granting of motion for dismissal, where, because plaintiff in error still had sufficient time to bring another proceeding in error, dismissal probably only would postpone final disposition.

*See Headnotes—(1, 2) 3 C J p. 348 n. 16; p. 349 n. 18; p. 1046 n. 53; p. 1441 n. 49; p. 1442 n. 60 New.

ERROR to District Court, Natrona County; BRYAN S. CROMER, Judge.

Action for divorce by A. E. Stirrett against Edith M. Stirrett. Plaintiff brings error with respect to the portion

of the judgment relating to the custody of minor children. No briefs were filed.

*Hagens & Murane*, for plaintiff in error.

*John Dillon* and *W. L. Walls*, for defendant in error.

Per Curiam.

This cause is before the court at this time on a motion to dismiss the appeal on the ground that the plaintiff in error failed to file his brief within the time required by the rules of this court. The facts are, as shown by the record, that the petition in error was filed in this court on June 23, 1925, complaining of an order or judgment of the district court sitting in and for the county of Natrona, made and entered on June 18, 1925, upon an application of the plaintiff in error as plaintiff below in an action for divorce, for the modification of the judgment and decree therein, insofar as it relates to the custody of the minor children of the parties. At the time of filing the petition in error, a petition was also filed by plaintiff in error for supersedeas, and upon a hearing of the latter petition, a supersedeas was granted by the Chief Justice of this court, upon certain conditions stated; and a supersedeas bond as required by the order was given and filed herein. Thereafter, an extension of time was granted by this court or one of the justices to the plaintiff in error for filing briefs, to and including September 21, 1925, in order to permit a bill of exceptions to be duly presented and allowed in the trial court, including the transcript of the evidence taken upon the proceedings by the district court reporter. It appears by affidavit of counsel for plaintiff in error that the briefs were filed on October 10, 1925; said counsel being under the impression that a further extension of time, until that day, had been granted in this court, upon an application therefor, which had been duly prepared and left in the office of counsel for transmission here, showing that the district court had granted until

that date for filing the reporter's transcript in said court, but that, during counsel's absence following the preparation of said application and instructions to transmit, through inadvertence of a clerk the application was not so forwarded. And counsel states in his affidavit that the delay was due entirely to inadvertence and mistake.

It is not perceived that an order sustaining the motion to dismiss could in any way facilitate the conclusion of this cause on error, but would have a tendency to prolong the period of the litigation, and bring further labors upon both counsel and the court. Our attention is called by counsel to the fact that the limitation period has not expired for bringing a proceeding in error for a review of the judgment complained of by the present proceeding. And we cannot avoid considering the probability of such new proceeding in case of a dismissal of this, followed by another application and hearing for supersedeas, if not further extensions of time for briefs. And, under the circumstances of the case, we should feel it incumbent upon us, should dismissal be ordered upon the present motion, to declare it to be without prejudice, if that should be deemed or supposed to be necessary to preserve the rights of plaintiff in error. But see Boner v. Fall River Co. Bank, 25 Wyo. 266, 168 Pac. 726; 3 C. J. pp. 348, 349, Secs. 98 and 99, p. 1046, Sec. 1038.

We have, however, established the principle, in Phillips v. Brill, 15 Wyo. 521, 90 Pac. 443, that while the power to allow the filing of briefs by a party after the expiration of the period limited therefor by the rules should be sparingly exercised and only in extreme cases to prevent an apparent injustice, yet the court has such power, which may be exercised in a proper case. And, since the rights of either party in this case might not be permanently disposed of by a dismissal of this particular proceeding in error, and its effect might be merely to postpone a final disposition of the cause and at unnecessary expense, and

in view also of the facts shown by counsel's affidavit, we are of the opinion that our power to suspend the operation of the rule providing for a dismissal upon a failure to file and serve briefs within the time prescribed by the rules may be properly exercised in this case.

The motion will therefore be denied, and the defendant in error will be allowed forty-five days from and after the date hereof within which to file and serve her brief.

*Motion to Dismiss Denied.*