## STANOLIND OIL & GAS CO. ET AL. v. BUNCE
(No. 1937; August 13, 1935; 49 Pac. (2d) 241)

In support of the motion to dismiss there was a brief and oral arguments by *T. C. Daniels,* of Douglas, Wyoming, and *Kenneth C. Kellar,* of Lead, South Dakota, for defendant in error.

In opposition to the motion to dismiss, there was a brief and oral argument by *G. R. Hagens,* of Casper, filed for plaintiffs in error.

520

KIMBALL, Chief Justice.

This is a proceeding in error for review of a judgment entered December 12, 1934. The motion for a new trial was overruled December 29, 1934, and the petition in error, alleging error in the overruling of

that motion, was filed in this court May 10, 1935. The plaintiffs in error failed to serve or file their brief and abstract within the time allowed by rule, and the time expired July 9, 1935. Rules 15 and 37, 42 Wyo. 534, 540. Thereafter, on July 15 and 26, plaintiffs in error filed motions, with supporting affidavits, for an order allowing them additional time to serve and file their brief and abstract which have been prepared and served and are now in the hands of the clerk tendered for filing. The defendant in error has filed a motion to dismiss for failure to comply with the above rules. See Rule 21, 42 Wyo. 536.

By the statute in effect when the judgment was rendered and the motion for a new trial overruled, the time allowed for commencing a proceeding in error was one year from the overruling of the motion. § 89-4816, R. S. 1931, was construed in Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1, 3 Ann. Cas. 627. An amendment by the last legislature shortens the time to six months. Laws 1935, ch. 111. The amendatory act fixed no time when it should take effect, and it therefore became effective ninety days after February 16, 1935, the date of adjournment of the legislative session. § 112-105, R. S. 1931. It is not necessary to decide precisely what effect the amendment has with reference to the time allowed for commencing a proceeding in error in this case. It may have no application at all. See, § 112-104, R. S. 1931; Canaan Twp. v. Board, 46 Oh. St. 694; 23 N. E. 492; Rolater v. Strain, 31 Okla. 58, 119 Pac. 992; 3 C. J. 1042. If it has any application, we think it does not limit the time to less than six months after the amendment took effect. See, Wilson v. Kryger, 26 N. D. 77, 143 N. W. 764, 51 L. R. A. (N. S.) 760. In either view the plaintiff in error has ample time to commence a second proceeding in error if this one should now be dismissed. A dismissal for failure of plaintiff in error to

file his brief and abstract in time does not have the effect of an affirmance of the judgment so as to prevent the commencement of a second proceeding in error within the statutory time. Boner v. Fall River County Bank, 25 Wyo. 260, 168 Pac. 726. In acting on the motions now before us, we may consider the probability of such new proceedings which would serve to prolong the period of litigation and bring further labors upon both counsel and the court. Stirrett v. Stirrett, 35 Wyo. 1, 244 Pac. 1006.

There is no reason to suppose that the plaintiffs in error are not acting in good faith in seeking a reversal of the judgment, or that they will not exercise their right to commence a second proceeding should this one be dismissed. Their failure to file their brief and abstract or to ask an extension, before the time expired, was the result of the mistake of their attorneys' stenographer in making note of the time of filing the petition in error. Since the discovery of their default they have acted promptly in applying for leave to file their brief and abstract. If leave be granted, the case should be matured for hearing in time to be placed on the docket for the next term. A dismissal followed by a second proceeding will cause considerable delay which we suppose would be of no advantage to defendant in error.

In Stirrett v. Stirrett, supra, a motion on similar grounds to dismiss the proceeding in error was denied, and plaintiff in error given additional time in which to file his brief, when it appeared that a dismissal might not permanently settle the rights of the parties and might serve merely to postpone a decision and to cause unnecessary labor and expense. We think it proper that the same course be followed in the present case.

The motion to dismiss will be denied. Plaintiffs in error will be granted leave to file their brief and

abstract on or before August 20, 1935, and the defendant in error will have 45 days thereafter in which to serve and file his brief.

RINER, J., concurs; BLUME, J., not sitting.