HENRY SPENCE, doing business as H. G. SPENCE and COMPANY,

*Plaintiff and Respondent,*

vs.

NICKS MOTOR COMPANY and LYLE R. BESSEY,
*Defendants and Appellants.*

(No. 2510; 235 Pac. (2d) 346; September 11, 1951)

For the defendants and appellants the motions were argued by R. Lauren Moran of Riverton, Wyoming.

Frank B. O'Mahoney of Worland, Wyoming, and Frank Hays of Lander, Wyoming, counsel for plaintiff and respondent, did not appear for oral argument.

## OPINION

PER CURIAM:

In this case the record on appeal was filed in this case on January 6, 1951. Under rule 15 of this court (Section 1-415, Wyo. Comp. St. 1945) the brief of appellant was due to be filed within sixty days thereafter, namely not later than March 7, 1951. It was not so filed, and a motion to dismiss the appeal has been filed herein on the part of the respondent. On February 28, 1951, counsel for appellant wrote to one of the attorneys for respondents requesting agreement for extension of time in which to file appellant's brief. That letter was not answered until March 6, 1951, and was not received by counsel for appellant until March 8, 1951. The answering letter in effect was an evasion or was a refusal to agree to an extension of time, and the motion to dismiss the appeal was made on the very day that the letter was received by counsel for appellant. No application for an extension of time was made to the court or one of the justices thereof as provided in Rule 20 (Section 1-420, Wyo. Comp. St. 1945) until March 12, 1951. As an excuse for failure to file the brief of appellant, it is stated in affidavits of one of its counsel that many questions are involved in this appeal; that the record is long; that counsel was without adequate stenographic help during the sixty days for preparing the brief; that he was absent from his office because of work with a committee of the State Bar; that he made a trip to Omaha for medical consultation; that his asso-

ciate counsel in the case was absent as a member of the legislature in this State.

Admitting for the purpose of this case that there were good reasons for extending the time in which to file the brief, no excuse is shown why application for that purpose was not timely made to this court or one of the justices thereof. Counsel who filed affidavits herein states that in asking for a stipulation from the opposing counsel, he but followed the practice in his area, and he means us to infer that opposing counsel are accustomed to agree to an extension. But the facts in this case refute such practice for opposing counsel immediately took advantage of the failure to file the brief in time, and prepared the motion to dismiss the appeal on March 8, 1951. The associate counsel, was, as stated in the affidavits, a member of the legislature, which was in session during the sixty-days period. He could easily have made proper application to this court, or one of its justices, for an extension, had affiant shown any diligence and watchfulness, nor is any reason shown why affiant himself did not make such application. Inman vs. City of Cheyenne, 40 Wyo. 72, 275 P. 115. We hardly think that his belief that opposing counsel would readily agree to an extension of time, is a showing of sufficient excuse. We have said that this court has power to grant an extension after the expiration of the sixty days in extreme cases, or for other valid reasons. Brown vs. Brown, 29 Wyo. 60, 210 P. 390; Stirrett vs. Stirrett, 35 Wyo. 1, 244 P. 1006. We do not think that such case is before us. The motion to dismiss the appeal will be granted, and the motion for an extension of time denied. See State ex rel. Bishop vs. Bramblette, 42 Wyo. 405, 295 P. 800; Starley vs. Wilde, 52 Wyo. 195, 72 P. 2d 1113, and the many cases cited.