**Perry ELLIOTT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5433.**

Supreme Court of Wyoming.

April 21, 1981.

Bert T. Ahlstrom, Jr., Cheyenne, signed the brief and appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division and James C. Anderson, appointed Sp. Asst. Atty. Gen., for this case, signed the brief. Sharon A. Lyman, Asst. Atty. Gen., appeared in oral argument.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN *, JJ.

RAPER, Justice.

■ The appellant was tried on three counts of vehicular homicide[1] in violation of § 31–5–1117(a), W.S.1977, Cum.Supp. 1980[2] before the County Court of Natrona

---

* District Judge at time of oral argument when assigned upon recusal of McCLINTOCK, J., now retired. Justice of this court effective March 26, 1981.

1. Count I of the Information charged that appellant:

"* * * on or about the 1st day of January, 1980, in the County of Natrona, in the State of Wyoming, did unlawfully and unintentionally, but with a conscious disregard for the safety of others, cause the death of another person, namely Vicki Blank, while engaged in the violation of a State law applying to the operation of a vehicle and the regulation of traffic, to-wit: Wyoming Statutes 1977, Sec-

tion 31–5–233, Driving a Vehicle While Under the Influence of Liquor, and the said violation being the proximate cause of death, in violation of Wyoming Statutes 1977, Section 31–5–1117(a), which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

Count II was in identical language except alleged the death of Chris Davis. Count III was also in identical language but alleged the death of Steven Swirzcki.

2. Section 31–5–1117, W.S.1977, Cum.Supp. 1980 in full provides:

County, with a jury. A verdict of guilty on all three counts was returned. The county judge, on June 24, 1980, sentenced the appellant to thirty days in the county jail and a fine of $1,000.00.[3] Appellant timely filed notice of appeal, but the district judge dismissed the appeal for appellant's failure to file his brief on or before the date requested by appellant in a motion approved by the court.

Appellant now presents as issues to this court:

"1. Whether Rule 43(c), Wyoming Rules of Criminal Procedure,[4] was violated by the State in such a manner as to be prejudicial to the appellant's constitutional rights.

"2. Whether the district court abused its discretion:

"a. In entertaining the State's Motion to Dismiss in violation of Rule 43(c); and/or

"b. In granting the State's Motion to Dismiss under the facts of the case."

We will affirm.

## I

Appellant was represented by private counsel at the trial. After the judgment and sentence was entered, he claimed indigence and on June 27, 1980 the Natrona County Public Defender was appointed to represent appellant in his appeal to the district court; private counsel then withdrew. The appellant filed a pro se notice of appeal on the same date. Bond was continued pending appeal. On July 2, 1980, the county court record was delivered to and filed in the office of the Clerk of the District Court, Natrona County. On July 9, 1980, the public defender filed a docketing statement with the district court as required by Rule 2.03, W.R.A.P.

On August 1, 1980, the public defender, on behalf of the appellant, filed in the office of the Clerk of Court, Natrona County, a motion to extend time to file briefs for a period not to exceed thirty days in order that a transcript of proceedings could be prepared from the tapes of the electronically reported trial and other county court proceedings. The district judge, by order, authorized the extension and granted appellant until August 31, 1980 to file briefs.

On October 23, 1980, the Natrona County Attorney filed in the district court a motion to dismiss appeal on the ground that no brief had been filed as of that date. The

"(a) Whoever, except when the violation of law involves culpable neglect or criminal carelessness, unlawfully and unintentionally, but with a conscious disregard of the safety of others, causes the death of another person while engaged in the violation of any state law or ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle when the violation is the proximate cause of death.
"(b) Any person found guilty of homicide by vehicle shall be fined not more than two thousand dollars ($2,000.00) or imprisoned in the county jail for not more than one (1) year, or both.
"(c) The division of motor vehicles shall revoke or suspend the license or permit to drive and any nonresident operating privilege of any person convicted of homicide by vehicle for a period not to exceed twelve (12) months."

3. The sentencing judge did not impose a sentence on each count to run concurrently or consecutively as is the usual practice but handed down a consolidated total sentence as noted for all three crimes. However, in *Vigil v. State*, Wyo., 563 P.2d 1344 (1977), this court held that there is no prejudice against a defendant in receiving multiple verdicts and adjudging but one sentence, noting one who places the lives of many in danger is properly subject to greater punishment. This is not an issue in this case; we observe this only in passing as a matter pertaining to sentencing practice. The better practice is to sentence on each finding of guilt, even though the ultimate sentence may come out the same.

4. Rule 43(c), W.R.Cr.P.:
"(c) A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five (5) days before the time specified for the hearing unless a different period is fixed by rule or order of the court. For cause shown such an order may be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and opposing affidavits may be served not less than one (1) day before the hearing unless the court permits them to be served at a later time."

motion was served by mailing to the public defender's office, Casper, on the same date.

On October 24, 1980, the attorney for appellant in the appeal now before this court filed with the District Court, Natrona County, his appearance as attorney of record for appellant for purposes of the appeal to the district court. It was served by mailing on October 21, 1980. On October 21, 1980, he wrote a letter to District Judge Spangler with copies shown as being sent to the county attorney and public defender, the text of which was:

"As you may recall, I talked with you over the telephone concerning my entry into the above-enititled [sic] matter and my fears as to the running of any time period for the filing of briefs on appeal. I also advised that I would be sending my Entry Of Appearance and request for an extension of time, or date certain as to filing, just as soon as I was sure that I had been retained and that the Elliott family wanted me to pursue the appeal. Mr. Phil Willoughby of the Public Defender's office was equally concerned in that he had the responsibility of the appeal if I did not formally enter my appearance, and worked with me so as to insure that the Elliotts had an attorney one way or the other.

"Happily, I have been retained to handle the appeal, but unhappily the paperwork I had prepared for entry of appearance, etc., was not mailed to you last week, as planned, in that this was one of a dozen or so projects that was not completed due to a turnover in my secretarial staff. Unfortunately, I did not realize that the paperwork had not been completed and mailed until Mr. Willoughby called again this date in order to advise that nothing had been received and that the County Attorney had filed a motion for dismissal of the appeal due, I presume, to inactivity on the part of the Appellant. I am somewhat disappointed that I was not contacted prior to the filing of that motion in that I had discussed this matter with a Jim Anderson of the County Attorney's office and was advised that there was little or no problem in working with me

to get the matter before the Court as soon as I knew my status as to the case, but, again, I must presume that since that office recived [sic] no paperwork either, they concluded I was not taking the case.

"In any event, and with humble apologies, I am enclosing herewith the originals of my Entry Of Appearance, and Motion For Extension of Time To File Appellant's Brief. I would greatly appreciate it if you would consider the same in light of the circumstances set forth herein, and advise accordingly.

"Additionally, I would appreciate it if you would consider this letter as a resistance to the Motion of the County Attorney for dismissal of the Appeal. If you would like something more formal, or would require my appearance before you to argue against dismissal, I would be happy to comply. I would also appreciate your guidance in this regard.

"I am highly embarrassed and most apologetic to the Court, Mr. Willoughby and Mr. Anderson for the inconvenience and extra work caused by these developments, and would insure that there will be no further delays or inconvenience to any party.

"Thank you in advance for your consideration and cooperation.

 \* \* \* \* \* \*

"P.S. Judge: I've also enclosed a proposed Order granting extension for your review, although I don't know what form or procedure you follow in that regard. Thank you."

The letter is shown as being filed in the office of the clerk of court on October 24, 1980.

The district judge, on October 27, 1980, signed the order dismissing appeal. It was entered on October 28, 1980. Appellant filed his notice of appeal to this court on November 10, 1980. He indicated therein that:

"Appellant believes that there will be no transcript of the evidence deemed neces-

sary for appeal in that said motion hearing from which the Order eminated [sic] was not reported, but that if such evidence exists, arrangements will be made to order and arrange for payment of the same this date."

There is no transcript in the record of what transpired prior to the court's signing and entering the order dismissing the appeal. No appearances are noted in the order itself. There is simply no record of any notice of hearing or that one was held. No effort has been made to supplement the record in any respect under the provisions of Rules 4.03 and 4.04, W.R.A.P.

The brief of appellant in particular makes many references to events which do not appear in the record, such as telephone conversations with Judge Spangler, the Natrona County Prosecuting Attorney and Public Defender, principally those pertaining to a hearing set for October 24, 1980, the same day appellant's new counsel made his filings with the court. Appellant does admit that the public defender was present at the hearing. There is no record of any order permitting withdrawal of the public defender as required by Rule 13, Uniform Rules for the District Courts.[5] Nor does the record show any objection to the matter being heard on the date it was. The State's brief declares that the public defender was present and waived any time of hearing requirements necessitated by the applicable rules and that the district court, Judge Spangler, held that the public defender was for all purposes the attorney of record for Mr. Elliott.

## II

Section 5–5–142, W.S.1977, Cum.Supp. 1980, grants in a criminal case the right of appeal from the final judgment and sentence of the county court to the district court. Rule 1.01, W.R.A.P. provides that, "All appeals to the district court and Supreme Court shall be governed by these rules." [6] Rule 1.02 provides that failure to comply with any of the rules "or any order of court" is grounds for "such action as the reviewing court deems appropriate, including * * * dismissal [of the appeal] * * *." The authority of this court to prescribe rules of procedure "in all courts of this state" is derived from §§ 5–2–114 and 5–2–115, W.S.1977.[7] *State v. Heberling*, Wyo., 553 P.2d 1043 (1976).

■ Once the appeal is before the district court, the rules of criminal procedure no longer apply. Appellant's reliance on Rule 43(c), W.R.Cr.P. is therefore misplaced. We rely on the law of appeal and error when a case reaches that level.

---

5. Rule 13, Uniform Rules for the District Courts:

"An attorney will be considered as having appeared in a case by permitting his name to appear on any pleadings, motions, or by a written appearance in the case. An attorney, once appearing in a case, shall be considered as being in the case and representing the party or parties for whom he appears for all purposes.

"Counsel will not be permitted to withdraw from a case excepting upon court order, which will not be made until there is a showing in the file that his desire to withdraw has been transmitted to his client if reasonably possible. After motion to withdraw has been granted, counsel should, if possible, so advise his former client, including in the advice status of the case and statement to the effect that client should immediately employ counsel or judgment may be taken against him. Proof of having advised client of his withdrawal should be placed in the file by counsel."

On withdrawal and substitution of counsel in appeal matters, see Rules 19.02 and 19.03, W.R.A.P.

6. We do note, however, that the legislature by § 5–5–142, W.S.1977, Cum.Supp. 1980, provides that notice of appeal must be filed within ten days after entry of judgment rather than the fifteen days provided by Rule 2.01, W.R.A.P. See also §§ 5–5–144 through 146, W.S. 1977, Cum.Supp. 1980, for provisions pertaining to the record on appeal.

7. Section 5–2–115, W.S.1977 in pertinent part:

"(a) Such rules may govern:

* * * * * *

"(ii) Any review of or supervisory proceedings from the judgment or decision of any court, board, officer, or commission when such review is authorized by law."

Under the Wyoming Rules of Appellate Procedure once the record on appeal is filed with the reviewing court the appellant has thirty days from the date of filing the record in which to file his brief. Rule 5.06, W.R.A.P. In the case before us, the record on appeal to the district court was filed with the clerk of the district court on July 2, 1980. The normal day, then, for filing of appellant's brief would be August 1, 1980. On August 1, the public defender requested and was granted an extension of time of not to exceed thirty days in which to file the appellant's brief. That would place the last day for filing a brief on September 2, 1980 (the thirtieth day fell on Sunday, August 31, 1980 and September 1, 1980 was Labor Day, so the time would be extended to Tuesday, September 2, 1980 by virtue of Rule 14, W.R.A.P.).

Rule 5.11, W.R.A.P. provides that " * * * If in any case the party holding the affirmative fails to file his brief within the time fixed by law or the rules herein, the case may be dismissed on the ground of want of prosecution." The record indicates that appellant's new counsel did not file his appearance until October 24, 1980. Concurrently he moved for an extension of time in which to file his brief. Rule 5.10, W.R.A.P. provides that, "For good cause shown *before the expiration of the time allowed*, the court or a justice thereof may extend the time for filing briefs." (Emphasis added.) The time had expired.

 This court has spoken approvingly of the concept that there can be no extension of that which has already elapsed or terminated and a valid order extending time can only be made prior to the time allowed by a previous order of the court. *Martens v. State Highway Commission*, Wyo., 354 P.2d 222, 223 (1960). See also,

*Spence v. Nicks Motor Co.*, 68 Wyo. 433, 235 P.2d 346 (1951); *Inman v. City of Cheyenne*, 40 Wyo. 72, 275 P. 115 (1929); *Boner v. Fall River County Bank*, 25 Wyo. 88, 164 P. 1140 (1917). It can be stated that as a matter of practice this court summarily dismisses all cases in which the appellant fails to file a brief on the date due, even though it may be only one day late, unless the appellant is able to show excusable neglect such as failure in the mail service. This has been the rule for many years. See *State ex rel. Bishop v. Bramblette*, 42 Wyo. 405, 295 P. 800 (1931), decided under § 1–415, W.C.S. 1945 (then Rule 15, this court), allowing sixty days after filing of a petition in error for filing of appellant's brief. See also, *"W" Sheep Co. v. Pine Dome Oil Co.*, 29 Wyo. 59, 210 P. 389 (1922); *Brown v. Brown*, 29 Wyo. 60, 210 P. 390 (1922).[8] A rather extensive discussion with respect to late filings in appellate matters appears in *Starley v. Wilde*, 52 Wyo. 195, 72 P.2d 1113 (1937). There this court said that counsel are bound to know appellate practice as prescribed by the rules and this court's decisions interpreting and enforcing them.

 Excusable neglect is measured on a strict standard to take care of genuine emergency conditions such as death, sickness, undue delay in the mail[9] and other situations where such behavior might be the act of a reasonably prudent person under the circumstances. *Crossan v. Irrigation Development Corp.*, Wyo., 598 P.2d 812 (1979). Even if we could consider appellant's excuses, we do not consider failure to earlier make suitable financial arrangements for representation or the press of other business or secretarial trouble as an excuse for failure to timely file a brief or, more importantly, to seek a further extension of time for filing of a brief prior to

---

8. We frown on requests for extensions of time pertaining to appellate matters in any case after the time for acting in the first instance has expired. In the *Matter of the Estate of Graham*, Wyo., 597 P.2d 967 (1979), this court held that on a motion to dismiss appeal, an extension of time to file notice of appeal under Rule 2.01, W.R.A.P. could not be granted after the time during which that extension could have run had expired.

9. See *Bosler v. Morad*, Wyo., 555 P.2d 567 (1976) where this court considered undue delay in the mail as excusable neglect.

expiration of the time specified by the district judge's order. Appellant may not dillydally with appellate time limits. Counsel should reject employment whenever the circumstances do not permit timely representation. It must also be noted that counsel of record have responsibility for a case until properly relieved by court order. No unavoidable casualty or overwhelming necessity is demonstrated. There is no proper showing that appellant was prevented from arranging the preparation, filing and serving of briefs or from securing an extension of time under the rules by any circumstance reasonably beyond his control.

Affirmed.