**Donald GEE, Petitioner–Appellant,**

v.

**Duane SHILLINGER, Warden; and Attorney General of the State of Wyoming, Respondents–Appellees.**

No. 92–8011.

United States Court of Appeals, Tenth Circuit.

Nov. 2, 1992.

Submitted on the Briefs: *

* After examining the briefs and appellate record, this panel has determined unanimously that

Donald Gee, pro se.

D. Michael Pauling, Assistant Attorney General, Cheyenne, Wyoming, for appellees.

Before SEYMOUR, ANDERSON, and BALDOCK, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Donald Gee appeals from the district court's denial of his third federal habeas corpus petition under 28 U.S.C. § 2254. His petition alleges: that the State of Wyoming had relinquished jurisdiction over him when, after his state sentencing, the state transferred him to federal authorities pursuant to a warrant for escape from a federal prison; that he was shackled during his trial in front of the jury, denying him the right to a fair trial; that he was denied the right to self-representation, effective trial counsel, and effective appellate counsel; and that he was subjected to double jeopardy.

These claims were all raised in Gee's second federal habeas petition which was denied by the district court. This court affirmed on the ground that Gee's procedural default in his state post-conviction action barred federal habeas corpus consideration; and "petitioner has not made an adequate showing of cause and prejudice". *Gee v. Attorney Gen.*, No. 89-8089, slip op. at 2 (10th Cir. May 1, 1990).

Gee's state court procedural default occurred when, without requesting an extension of time, he filed an out-of-time notice of appeal from the state's dismissal of his first post-conviction petition raising the same claims later raised in his federal habeas corpus actions. *See* Wyo.R.App.P. 2.01; *Elliot v. State*, 626 P.2d 1044, 1049 (Wyo.1981); *Crossan v. Irrigation Dev. Corp.*, 598 P.2d 812, 813 (Wyo.1979). The

Wyoming Supreme Court was unambiguous in its judgment of procedural default:

This case came on before the Court upon its own motion in connection with a consideration of the jurisdiction of this Court to hear the appeal, and the Court, having reviewed the files and record of the Court, finds that the Notice of Appeal was not timely filed in accordance with Rule 2.01, W.R.A.P., and that the appeal should be dismissed; and it, therefore, is

ORDERED that this appeal be, and the same hereby is, dismissed.

*Gee v. State*, No. 84-135, Order Dismissing Appeal (Wyo. July 5, 1984). Thus, as we implicitly concluded in our review of the dismissal of Gee's second habeas petition, the Wyoming Supreme Court "clearly and expressly" held that its decision to dismiss petitioner's appeal of his post-conviction action was "based on bona fide separate, adequate, and independent grounds," see *Coleman v. Thompson*, — U.S. —, —, 111 S.Ct. 2546, 2556, 115 L.Ed.2d 640 (1991) (quoting *Michigan v. Long*, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983)).

■ Gee now claims that the Wyoming Supreme Court's dispositions in two of three post-conviction actions he filed in the state court subsequent to the denial of his second federal habeas corpus action were "on the merits" and had the effect of reviving his right to petition for federal habeas corpus review. We disagree. The Wyoming Supreme Court's brief and cursory responses in these later actions were, at best, ambiguous, denying relief due to "insufficient grounds." [1] Therefore, we look to that court's earlier, explicit judgment of procedural bar. *See Ylst v. Nunnemaker*, — U.S. —, —, 111 S.Ct. 2590, 2594-95, 115 L.Ed.2d 706 (1991) ("[W]here, as here, the last reasoned opinion on the claim

---

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. *Gee v. State*, No. 89-260, Order ... Denying Motion for Writ of Error Coram Nobis (Wyo. Nov. 21, 1989) (dismissal based on "insufficient grounds upon which to grant" the relief sought);

*Gee v. Shillinger*, No. 90-204, Order ... Denying Petition for Writ of Habeas Corpus (Wyo. Aug. 21, 1990) (denial because there were "no sufficient grounds" upon which to grant the writ); and *Gee v. Shillinger*, No. 90-259, Order ... Denying Petition for Writ of Habeas Corpus (Wyo. Nov. 6, 1990) (denial based on "insufficient grounds").

explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits," which presumption may only be overcome by "strong evidence.").

■ The government argues that Gee's resubmission of these issues to the federal court constitutes a successive petition. Respondents' Motion for Summary Judgment, R. Vol. I, tab 17; Brief of Appellees at 12. For the reasons stated above, we agree. "[A] subsequent application for a writ of habeas corpus ... need not be entertained ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ...." 28 U.S.C. § 2244(b). *See Andrews v. Deland*, 943 F.2d 1162, 1171 (10th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). In his third petition for habeas corpus, Gee raises the same grounds that he did in his second petition.

■ In order to reintroduce these issues in the context of a procedural default case, Gee must demonstrate that their reconsideration is required by the "ends of justice." *Andrews*, 943 F.2d at 1174 (citing *McCleskey v. Zant*, — U.S. —, —, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991), and noting that *McCleskey* equated the "ends of justice" inquiry with the "fundamental miscarriage of justice" inquiry of procedural default cases, defining such miscarriage in consideration of a successive writ as a "colorable showing of factual innocence"); *cf. Sawyer v. Whitley*, — U.S. —, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (amplifying the meaning of "actual innocence" in capital punishment context). Gee has made no attempt to demonstrate such "factual innocence" here. Thus, this third peti-

tion for a writ of habeas corpus, was properly dismissed.[2]

■ Gee applied to this court for leave to proceed in forma pauperis, and his motion is granted. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). He also renewed his motion for a certificate of probable cause, pursuant to 28 U.S.C. § 2253. We decline to issue a certificate of probable cause, because Gee has failed to make a "substantial showing of the denial of [a] federal right," *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)), and has not demonstrated "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id.* at n. 4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980)); *see also Lozada v. Deeds*, 498 U.S. 430, — - —, 111 S.Ct. 860, 861–62, 112 L.Ed.2d 956 (1991).

Petitioner's motion for leave to proceed in forma pauperis is GRANTED. Petitioner's motion for certificate of probable cause is DENIED. This appeal is DISMISSED. The mandate shall issue forthwith.

---

2. The district court's dismissal of this latest petition on the grounds of Gee's failure to exhaust state remedies, *Gee v. Shillinger*, No. C91–0025B, Order, at 5 (D.Wyo. Dec. 26, 1991), constituted error under the circumstances of this case. It is clear that the Wyoming courts have foreclosed any further review of Gee's case, and that any additional attempt would be futile. Thus, Gee has exhausted all the state court action available to him. *See Coleman v. Thompson*, — U.S. —, —, — n. 1, 111 S.Ct. 2546,

2555, 2557 n. 1, 115 L.Ed.2d 640 (1991); *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). However, it is well-established that this court is "'free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.'" *Griess v. State*, 841 F.2d 1042, 1047 (10th Cir.1988) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987)).