986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frederick MARTIN, Petitioner-Appellant,
v.
David R. McKUNE, Raymond Roberts, and Robert T. Stephan,
Respondent-Appellees.
 No. 92-3307.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The district court dismissed, as an abuse of the writ, Frederick Martin's second petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Martin appeals, contending that his petition was not an abuse of the writ, that he should have been granted an evidentiary hearing, and that the district court erred in failing to recuse due to bias.
 
 I.
 BACKGROUND
 
 3
 A. Chronological Background.
 
 
 4
 In 1986 Martin was convicted in Kansas state court of murder, kidnapping, and unlawful possession of a firearm, and was sentenced to consecutive life sentences. On direct appeal his convictions were affirmed by the Kansas Supreme Court. State v. Martin, 740 P.2d 577 (Kan.1987).
 
 
 5
 In September, 1987, Martin filed his first federal habeas petition. On December 15, 1987, the district court dismissed the petition for failure to exhaust state remedies. Martin v. Maschner, No. 87-3273, 1987 U.S.Dist. LEXIS 12206 (D.Kan. Dec. 15, 1987). Martin timely appealed to this court on December 24, 1987, and on October 26, 1989, we reversed and remanded for consideration on the merits. Martin v. Maschner, No. 87-2893 (10th Cir. Oct. 26, 1989).
 
 
 6
 On January 8, 1991, the district court issued its opinion addressing Martin's claims on the merits and denying relief. Martin v. Roberts, No. 87-3273, 1991 WL 3134, 1991 U.S.Dist. LEXIS 232 (D.Kan. Jan. 8, 1991). Martin again appealed to this court. We affirmed the district court in an opinion filed on June 1, 1992. Martin v. Roberts, 968 F.2d 2c (10th Cir.1992).
 
 
 7
 Martin filed his second federal habeas action on July 7, 1990, while his first petition was under consideration by the district court on remand from this court. Thus, both Martin's first and second federal habeas actions were pending in the district court for the six month period from July 9, 1990, to January 8, 1991.
 
 
 8
 After we affirmed, on June 1, 1992, the district court's judgment denying relief in the first habeas proceeding, the district court, on June 18, 1992, ordered Martin to show cause why his second petition should not be dismissed as an abuse of the writ. The state raised that defense in its answer, filed October 2, 1990. Martin responded on June 25, 1992. On July 9, 1992, the district court entered its Memorandum Opinion and Order, and a judgment, dismissing Martin's second petition as an abuse of the writ. On July 30, 1992, the district court denied Martin's motion to reconsider, and this appeal followed.[1]
 
 
 9
 B. Issues Raised in the First and Second Petitions.
 
 
 10
 For purposes of comparison, the issues raised by Martin in his two federal petitions are as follows:
 
 FIRST FEDERAL PETITION
 ISSUES RAISED IN AND DECIDED
 BY THE DISTRICT COURT:
 
 11
 1. Sufficiency of the evidence.
 
 
 12
 2. Double jeopardy.
 
 
 13
 3. Jurisdiction on kidnapping charge.
 
 
 14
 4. Error in preliminary hearing and arraignment.
 
 
 15
 5. Failure to comply with discovery request--Denial of due process.
 
 
 16
 6. Denial of right to confrontation.
 
 
 17
 7. Failure to rule on motions.
 
 
 18
 8. Erroneous jury instructions (Nos. 8, 10), resulting in unfair trial.
 
 
 19
 9. Illegal sentence.
 
 
 20
 10. Denial of right to counsel on appeal--(ineffective assistance).
 
 
 21
 11. Judicial bias--motion to recuse.
 
 ISSUES RAISED IN AND DECIDED
 BY THIS COURT:
 
 22
 1. Confrontation.
 
 
 23
 2. Erroneous jury instruction (No. 8)--Denial of Fourteenth Amendment requirement that state prove every element.
 
 
 24
 3. Double jeopardy.
 
 
 25
 4. Ineffective assistance of trial counsel.
 
 
 26
 5. Denial of right to counsel on appeal--Denial of oral argument.
 
 
 27
 6. Judicial bias.
 
 SECOND HABEAS PETITION
 
 28
 ISSUES RAISED IN DISTRICT COURT AND IN THIS COURT IN THIS APPEAL:
 
 
 29
 1. Ineffective assistance of trial counsel (allegedly different grounds).
 
 
 30
 2. Ineffective assistance of appellate counsel (allegedly different grounds).
 
 
 31
 3. Failure of the state trial court to make separate findings of fact and conclusions of law on each of the 15 grounds for relief presented in Martin's postconviction proceeding.
 
 
 32
 4. Failure of the state court judge to recuse himself after being called to testify in Martin's postconviction proceeding over which the judge was presiding.
 
 
 33
 5. Denial by the state court of a free copy of Martin's trial transcripts to use in his postconviction proceedings.
 
 ADDITIONAL ARGUMENTS ON APPEAL
 
 34
 1. Error in dismissing for abuse of the writ.
 
 
 35
 2. Error in not granting an evidentiary hearing.
 
 
 36
 3. Error in failing to recuse on the ground of bias.
 
 II.
 DISCUSSION
 
 37
 A. Should the District Court Have Sua Sponte Consolidated Martin's First and Second Petition? Should the Second Petition have been Treated as an Amendment to the First?
 
 
 38
 In Martin's statement of the case on appeal he states that his second petition was filed while the first one was still pending in the district court, and that the district court did not consolidate the two petitions. Later in his argument, Martin alleges taht the district court abused its discretion in an unspecified way--presumably by delaying action on the second petition until a decision was issued in the first, then dismissing the second petition as abusive. Before the district court Martin briefly argued in his "Suggestions in Support" of his motion, to reconsider the dismissal of his action, filed on July 17, 1992, that his first petition had not been adjudicated when the second was filed. However, he did not and does not pursue the subject. It is not listed as an issue on appeal, and it was apparently directed at the topic of successive, not abusive, petitions below.
 
 
 39
 Regardless, we feel obliged to address the matter as a threshold issue. As outlined above, the district court dismissed Martin's first federal habeas petition for failure to exhaust his state remedies. That dismissal was expressly stated to be without prejudice to Martin's refiling his petition after he completed his postconviction proceedings in state court. However, Martin chose instead to appeal the district court's decision to this court, resulting in a reversal and remand, thus keeping the first petition alive. Martin then filed his second petition while his first was pending in the district court on remand. Neither the second petition itself nor Martin's subsequent motions and other pleadings filed with respect to that petition remotely suggest that the petition was intended as an amendment or supplement to the first. See, e.g., Andrews v. Deland, 943 F.2d 1162, 1169 (10th Cir.1991) (supplement to petition), cert. denied, 112 S.Ct. 1213 (1992). Nor did Martin at any time file a motion seeking to amend his first petition with the second, or consolidate the two.
 
 
 40
 Thus, Martin declined in two different ways, entirely within his power, to proceed with a single petition: he appealed the first dismissal rather than simply refiling anew when all his claims were explored and ready to present; and he did not seek to amend, supplement, or consolidate when both petitions were pending in the district court.
 
 
 41
 In the circumstances the district court was not required sua sponte to treat Martin's two separate habeas petitions as one.
 
 B. Abuse of the Writ.[2]
 
 42
 A federal court may dismiss a second or successive petition for a writ of habeas corpus if it "fails to allege new or different grounds for relief ... or if new and different grounds are alleged" and the court finds that the petitioner's failure "to assert those grounds in a prior petition constitutes an abuse of the writ." Rules Governing Section 2254, 28 U.S.C. foll. § 2254, Rule 9(b). A writ is abusive "unless the petitioner can show cause for the failure to raise the claim in an earlier habeas petition, and prejudice therefrom.... [or] if he can show that failure to hear his claim will result in a fundamental miscarriage of justice." Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991) (citing McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991)), cert. denied, 112 S.Ct. 1213 (1992).[3]
 
 
 43
 "Cause," for purposes of applying the cause and prejudice test, " 'requires a showing of some external impediment preventing counsel from constructing or raising the claim.' " Andrews v. Deland, 943 F.2d at 1171 (quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)). See also Coleman v. Thompson, 111 S.Ct. 2546 (1991); McCleskey v. Zant, 111 S.Ct. at 1472 ("For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." (emphasis added)); Amadeo v. Zant, 486 U.S. 214, 222 (1988).
 
 
 44
 [T]he question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process, see 28 U.S.C. § 2254 Rule 6 (Discovery); Rule 7 (Expansion of Record); Rule 8 (Evidentiary Hearing). The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.
 
 
 45
 McCleskey v. Zant, 111 S.Ct. at 1472 (emphasis original in part, added in part). These rules apply to petitioners appearing pro se or through counsel. See Worthen v. Kaiser, 952 F.2d 1266, 1267 (10th Cir.1992); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991).
 
 
 46
 1. Ineffective Assistance of Counsel.
 
 
 47
 To establish ineffectiveness of counsel for constitutional purposes the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that the petitioner suffered prejudice of constitutional dimensions as a result. Thus, the criminal defendant "must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable,' " or the proceeding fundamentally unfair. Lockhart v. Fretwell, 61 U.S.L.W. 4155 (U.S. Jan. 25, 1993) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). See Andrews v. Deland, 943 F.2d at 1193 (quoting Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991)). See also United States v. Treff, 924 F.2d 975, 979-80 (10th Cir.), cert. denied, 111 S.Ct. 2272 (1991); Osborn v. Shillinger, 861 F.2d 612, 625-26 (10th Cir.1988).
 
 
 48
 Martin alleges in his appeal brief in this case that his trial counsel in state court was ineffective because:
 
 
 49
 (1) [H]e did not submit any pretrial motions, and that if the prosecutions complete file was turned over to him to review, under the alleged "open file policy", he did not seek out those items specifically requested by the appellant, in his pro se discovery motions, (2) he did not request or make copies of anything in the prosecutions file, but relied on the prosecution to provide the said items, as Ordered by the Court, (3) he did not interview any prospective or potential witnesses, for the defense or prosecution, although he may have talked to "some policemen on the phone", (4) he did not travel to the alleged crime scene(s), in Kansas or Missouri, (5) he did not seek out any "expert opinions" to challenge the prosecutions scientific evidence on fingerprints, ballistics, the luminal testing or the autopsy, and (6) he did not accept the offered services of a Kansas City, Missouri investigator nor did he do any investigation himself. This admitted lackadaisical approach to the appellants defense denied the appellant the honest, genuine and loyal representation that would meet the Sixth Amendment standard.
 
 
 50
 Appellant's Opening Brief at unnumbered pp. 3-4.
 
 
 51
 Such allegations are, on their face, matters which Martin either knew at the time of his state court trial in 1986, "or by reasonable means" could have learned prior to filing his first federal habeas petition more than a year later, on December 15, 1987. McCleskey v. Zant, 111 S.Ct. at 1472. Indeed, Martin makes no argument that he was prevented by some external impediment from conducting a "reasonable and diligent investigation aimed at including" the issue of his trial counsel's ineffectiveness, on the factual basis outlined above, in his first petition. There is no argument that the information was unavailable, for instance; and considering how active Martin was in his own defense, it is not possible to believe that he was not acutely aware of the matters listed.
 
 
 52
 The same can be said for Martin's very general complaints about counsel on appeal. Mostly Martin relies on the fact that about the time of his first postconviction proceeding, instituted after his first federal habeas petition was filed, a lawyer advised him to change the label on his claims from denial of counsel--by which it was first presented to the Kansas Supreme Court, then to us--to ineffective assistance of counsel. No showing is made by Martin that the factual basis for his dissatisfaction with appellate counsel was not known to him at the time of his appeal or not reasonably discoverable prior to filing his first federal habeas petition.
 
 
 53
 Thus, we conclude that these claims are an abuse of the writ as the district court held.[4]
 
 
 54
 2. Failure of State Trial Court to Make Findings and Conclusions, to Furnish a Free Transcript, and to Recuse in Martin's Second State Postconviction Proceeding.
 
 
 55
 Martin correctly alleges that his claims of error stemming from his second state postconviction proceeding were not in existence at the time of his first federal habeas petition and, thus, could not be an abuse of the writ. However, whether or not state law is complied with as to such matters as findings and conclusions, transcripts in collateral proceedings, and recusals of the nature described here, is not a proper claim for federal review. See Medina v. California, 112 S.Ct. 2572 (1992); Estelle v. McGuire, 112 S.Ct. 475 (1991):
 
 
 56
 "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. ----, ----, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984).... In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241....
 
 
 57
 Estelle v. McGuire, 112 S.Ct. at 480 (emphasis added) (citing Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)). Thus, while we review for the constitutional protection of due process we do not exercise supervisory authority over the state courts. See Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989).[5]
 
 
 58
 Accordingly, although the district court erroneously dismissed these claims on grounds of abuse of the writ, we conclude that they must be dismissed because no constitutional issue is raised.
 
 
 59
 C. Evidentiary Hearing.
 
 
 60
 Nothing about Martin's claims in this second proceeding requires an evidentiary hearing. See Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1717-18 (1992); Andrews v. Deland, 943 F.2d at 1185 (evidentiary hearing not required on "cause and prejudice").
 
 
 61
 D. Recusal.
 
 
 62
 In our opinion addressing Martin's first petition we noted and rejected Martin's attacks on the impartiality of the district court, and we do so here. The district court did not err in denying Martin's motion to recuse. See R.Vol.I at 12 ("Order," filed October 2, 1990).
 
 III.
 CONCLUSION
 
 63
 Martin's motions for leave to proceed in forma pauperis and for a certificate of probable cause are GRANTED. For the reasons stated, the judgment of the district court dismissing the petition for habeas corpus is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 During the pendency of Martin's first federal habeas petition, Martin pursued two collateral proceedings in state court. He first filed a motion for a new trial based on a claim of newly discovered evidence, and the denial of his motion to subpoena jurors. The district court denied the motion and the Kansas Supreme Court affirmed on December 8, 1989. (See recitation of proceedings in state court in Martin v. State, No. 64,151 (Kan.Ct.App. Mar. 2, 1990), attached to Martin's second federal petition). On December 30, 1988, during the pendency of the new trial motion proceeding, Martin commenced another postconviction proceeding, pursuant to Kan.Stat.Ann. § 60-1507, in which he raised 15 grounds for relief. The state district court held an evidentiary hearing on only one claim: ineffective assistance of counsel, and denied relief on that issue on or about July 6, 1989. All other claims were held to be procedurally barred for not having been raised on direct appeal. That decision was appealed to the Kansas Court of Appeals which affirmed the trial court on or about March 2, 1990. The Kansas Supreme Court denied certiorari on or about June 2, 1990. Thereafter, on July 9, 1990, Martin filed his second federal habeas petition
 
 
 [2]
 There is no issue regarding procedural bar. The last state court to consider the issues raised on appeal here was the Kansas Court of Appeals. It addressed these issues on the merits. Martin v. State, No. 64,151 (Kan.Ct.App. Mar. 2, 1990). See generally Gee v. Shillinger, 979 F.2d 176 (10th Cir.1992)
 
 
 [3]
 Martin does not pursue a claim of fundamental miscarriage of justice in any significant way, and the exception clearly would not apply. See Herrera v. Collins, 61 U.S.L.W. 4108 (U.S. Jan. 25, 1993). Thus, we need not further address the subject
 
 
 [4]
 Alternatively, Martin's ineffectiveness claims are barred as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963); 28 U.S.C. § 2254(b)
 
 
 [5]
 For example, there is no constitutional right to a free transcript in postconviction proceedings. See, e.g., Buford v. Henderson, 524 F.2d 147, 150-51 (2d Cir.1975); Jackson v. Turner, 442 F.2d 1303, 1305 (10th Cir.1971)