13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald GEE, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden of the Wyoming State Penitentiary,
Defendant-Appellee,
and
The Attorney General of the State of Wyoming, Respondent-Appellee.
 No. 93-8074.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Donald Gee, appearing pro se, appeals from an order of the district court dismissing his petition for a writ of habeas corpus, 28 U.S.C. 2254. The parties are familiar with the facts and issues presented in this appeal and we will not restate them here.
 
 
 3
 For substantially the same reasons given by the district court, we find that Mr. Gee's habeas corpus petition constitutes a successive petition. "[A] subsequent application for a writ of habeas corpus ... need not be entertained ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ." 28 U.S.C. 2244(b); Gee v. Shillinger, 979 F.2d 176, 178 (10th Cir.1992); Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). Here, in his fourth habeas corpus petition, Mr. Gee's sole allegation is that he was denied effective assistance of counsel on direct appeal from his Wyoming state court conviction. Mr. Gee, however, made this same allegation in two previous habeas corpus petitions. See Gee, 979 F.2d at 177-78 (noting that Mr. Gee alleged "that he was denied the right to ... effective appellate counsel" in both his second and third petitions). His attempt to circumvent the successive petition rule by citing our recent decision in Hannon v. Maschner, 981 F.2d 1142 (10th Cir.1992), is unavailing. Unlike the petitioner in Hannon, Mr. Gee took a direct appeal from his state court conviction and then procedurally defaulted his ineffective appellate counsel claim by filing an out-of-time notice of appeal from the state's dismissal of his first post-conviction petition. See Gee, 979 F.2d at 177. Further, Mr. Gee has not demonstrated why the "ends of justice" require a reconsideration of his ineffective appellate counsel claim. Id. at 178.
 
 
 4
 We GRANT Mr. Gee's request for a certificate of probable cause, GRANT his motion to proceed in forma pauperis and AFFIRM the district court's dismissal of his habeas corpus petition. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3