25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny REYES, Plaintiff-Appellant,
v.
Robert TANSY, Defendant-Appellee.
 No. 93-2120.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 ORDER AND JUDGMENT[1]
 Before HOLLOWAY and McKAY, Circuit Judges, and THEIS,[2] District Judge.
 On June 24, 1985, petitioner Johnny Reyes was charged by a New Mexico state grand jury with five counts of criminal sexual penetration, one count of kidnapping, one count of attempted murder, and one count of conspiracy to commit criminal sexual penetration. On November 8, 1985, Reyes and the New Mexico prosecutor entered into a written plea and disposition agreement (the plea agreement) which provided, inter alia, that: (1) Reyes would plead guilty to the kidnapping count; (2) the State would dismiss all other charges pending against Reyes; and (3) Reyes would "receive no more than a fifteen (15) year sentence to the Department of Corrections." The Plea Agreement at 1. Moreover, at the arraignment proceeding, the New Mexico Assistant District Attorney did not mention the mandatory period of parole of two years, referring only to the maximum number of years of incarceration and the fine possible under each count.
 On November 8, 1985, Reyes pled guilty to the kidnapping count. During the plea proceedings, the state district judge again informed Mr. Reyes that he would receive a sentence that did not exceed fifteen years. On December 19, 1985, Reyes was sentenced to eighteen-years' imprisonment, three years of which were suspended by the court for time served, and to two years of mandatory parole as required by N.M.Stat.Ann. 31-21-10(C).[3] Reyes did not pursue a direct appeal.
 On March 8, 1989, Reyes filed a timely petition for a writ of habeas corpus in the state district court alleging that, by imposing a two-year period of mandatory parole in addition to the fifteen-year sentence, the sentencing court erroneously sentenced him to a punishment in excess of that agreed upon under the plea agreement, thus violating Reyes' due process rights. On March 8, the state district court appointed counsel for Reyes. The petition was dismissed on May 25, 1989, the state district court finding the sentence was in accord with the plea agreement.
 New Mexico Rule of Criminal Procedure 5-802(G), read in conjunction with New Mexico Rule of Appellate Procedure 12-501, requires that a petition for writ of certiorari be filed within thirty days of the state district court's denial of habeas corpus relief. Therefore, Reyes should have filed his petition for certiorari by June 24, 1989, to obtain appellate review. The New Mexico Supreme Court Clerk did not, however, receive Reyes' petition until May 7, 1990.[4] In a letter written on "April7, 1990,"[5] the Clerk of the New Mexico Supreme Court notified Reyes that: "Our rules will not allow us to accept a petition for writ of certiorari that is late for any reason." Letter of Rose Marie Alderete, Clerk of the New Mexico Supreme Court, to Reyes.
 On July 6, 1990, Reyes filed a petition for a writ of habeas corpus in the United States District Court for the District of New Mexico. He argued that by imposing a sentence in excess of that provided for in the plea agreement, the sentencing court violated his federal due process rights.[6] Carter v. McCarthy, 806 F.2d 1373, 1376 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987); see also Santobello v. New York, 404 U.S. 257 (1971). The federal district judge adopted the Proposed Findings and Recommended Disposition of the Magistrate Judge holding, inter alia, that Reyes had procedurally defaulted his due process claim by failing to timely raise it before the New Mexico Supreme Court. The district judge dismissed Reyes' petition with prejudice and denied a certificate of probable cause.
 We grant a certificate of probable cause, see 28 U.S.C. 2253, consider the merits of the appeal, and affirm.
 Discussion
 "On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). It is undisputed that Reyes has procedurally defaulted his claim;[7] concomitantly, he has also exhausted his claim as required by 28 U.S.C. 2254(b). See Coleman v. Thompson, 501 U.S. 722, ----, 111 S.Ct. 2546, 2555 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.") (citations omitted).
 Even though Reyes has procedurally defaulted his federal claim, he argues that this court may still reach the merits of his petition under the "fundamental miscarriage of justice" exception to the procedural default doctrine, as discussed by the Supreme Court in Sawyer v. Whitley, --- U.S. ----, 112 S.Ct. 2514, 2518-19 (1992). In Sawyer, a capital punishment case, the Court held, inter alia, that it must determine "if petitioner has shown by clear and convincing evidence that but for constitutional error, no reasonable juror would find him eligible for the death penalty [under the State's law]." Id. at 2523. In effect, the petitioner in Sawyer was required to show that he was actually innocent of the death sentence imposed. Citing Sawyer, Reyes claims that he is actually innocent of the sentence imposed here (i.e., Reyes claims that he was not eligible for the sentence he received because the sentence, with its two-year period of mandatory parole, exceeded the sentence agreed upon by the parties).
 In Herrera v. Collins, ---- U.S. ----, 113 S.Ct. 853, 862 (1993), the Court said that the fundamental miscarriage of justice exception
 is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.... But this body of our habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.
 Id. at 862 (emphasis added) (citation omitted).
 To be excused from procedural default on the basis of the fundamental miscarriage of justice exception, a habeas petitioner must "supplement[ ] his constitutional claim with a colorable showing of factual innocence." Id. (emphasis in original) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)); see also Selsor v. Kaiser, --- F.3d ----, No.93-5002, slip.op. at 13, 15 (May 2, 1994) (federal habeas review held barred because "Petitioner has failed to supplement his constitutional double jeopardy claim with a claim that he is factually innocent of the underlying armed robbery conviction...."); Steele, 11 F.3d at 1522 ("Steele has not made any showing or claim that he is factually innocent"); Gee v. Shillinger, 979 F.2d 176, 178 (10th Cir.1992) (same). Cf. United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993).[8] As the Magistrate Judge noted, Reyes has failed to make a colorable claim of factual innocence. See Magistrate Judge's Findings and Recommended Disposition at 5. Reyes' petition, his supporting briefs, and the record are devoid of any showing or allegation that Reyes is factually innocent of the kidnapping offense.
 Accordingly, we are unable to agree with Reyes that we should here apply an analogue of the exception that a procedural default may be excused where one is actually innocent of a death penalty. Consequently, Reyes' procedural default may not be excused pursuant to the fundamental miscarriage of justice exception.
 
 
 1
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Frank G. Theis, United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 N.M.Stat.Ann. 31-21-10(C) states in relevant part:
 An inmate who was convicted of a first, second or third degree felony and who has served the sentence of imprisonment imposed by the court in a corrections facility designated by the corrections department shall be required to undergo a two-year period of parole.
 N.M.Stat.Ann. 31-21-10(C) (emphasis added).
 
 
 [4]
 The parties agree that Reyes' petition for certiorari was not received by the New Mexico Supreme Court until after the thirty-day filing period had expired
 
 
 [5]
 The letter appears to have been misdated
 
 
 [6]
 We are advised that petitioner Reyes was released from State custody under his fifteen-year sentence in January 1993, but that he continues under parole supervision, which will extend into January 1995
 
 
 [7]
 Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993); see also Dulin v. Cook, 957 F.2d 758, 759 (10th Cir.1992)
 
 
 [8]
 The government's brief on appeal acknowledges that some opinions have made a broader application of the actual innocence test citing, inter alia, McCoy v. Lockhart, 969 F.2d 649 (8th Cir.1992), cert. denied, 113 S.Ct. 3056 (1993). Appellee's Answer Brief at 9. See also Jones v. State of Arkansas, 929 F.2d 375 (8th Cir.1991); but see Waring v. Delo, 7 F.3d 753, 757-58 (8th Cir.1993), and Higgins v. Smith, 991 F.2d 440, 441 (8th Cir.1993)