41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frederick MARTIN, Petitioner-Appellant,
v.
David MCKUNE, Warden, and Attorney General of Kansas,
Respondents-Appellees.
 No. 94-3122.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 MODIFIED ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore the case is ordered heard without oral argument.
 
 
 2
 The district court dismissed, as a successive writ, Petitioner-Appellant Frederick Martin's ("Martin") third petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. Martin appeals, contending that his petition raises an exception to the successive writ doctrine. For the reasons stated below, we AFFIRM.
 
 
 3
 Martin was convicted of felony murder, Kan. Stat. Ann. 21-3401(b), aggravated kidnapping, Kan. Stat. Ann. 21-3421, and unlawful gun possession, Kan. Stat. Ann. 21-4201(d). He was sentenced to two consecutive life sentences for the first two counts and a threeto ten-year sentence on the third count running concurrently with the sentence for the second count. The Kansas Supreme Court denied Martin's direct appeal. See State v. Martin, 740 P.2d 577 (Kan.1987).
 
 
 4
 As this is the fourth occasion in which Martin has appealed a petition of habeas corpus to this court, the prior proceedings in this case are complex. These proceedings are described in our previous opinion. See Martin v. McKune, 986 F.2d 1428, 1993 WL 53114 (10th Cir.), cert. denied, 114 S.Ct. 110 (1993). This order & judgment, therefore, will offer only a basic outline of the procedural history of this case. In September 1987, Martin filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. After this court determined on appeal that Martin's failure to exhaust his state remedies did not bar consideration of his claim on the merits, the district court addressed Martin's claims and denied him relief on January 8, 1991. On June 1, 1992, this court affirmed that denial. See Martin v. Roberts, 968 F.2d 20 (10th Cir.), cert. denied, 113 S.Ct. 340 (1992).
 
 
 5
 While Martin's first petition was under consideration by the district court, he filed a second petition alleging new claims not raised in his first petition. On July 9, 1992, the district court dismissed Martin's second petition as an abuse of the writ, and on February 24, 1993, this court affirmed the dismissal. See McKune, 986 F.2d at 1428, 1993 WL 53114 at * * 5.
 
 
 6
 Concurrent with his federal court habeas proceedings, Martin also brought four petitions for post-conviction relief in the Kansas state court system and was denied relief in each of those actions. Most recently, Martin filed this petition for a writ of habeas corpus on March 14, 1994, raising the same claims for relief previously denied by this court, but also arguing that Kansas denied him the appointment of counsel to which he is entitled under Kansas law. Martin argues that this denial violated his federal constitutional rights to due process and equal protection.
 
 
 7
 On March 28, 1994, the district court dismissed Martin's application on the grounds that Martin had failed to meet his burden of showing that the petition was not successive or an abuse of the writ. On April 4, 1994, Martin filed a motion stating that he had not received any order to show cause from the district court. After treating this filing as a Motion for Reconsideration, the district court granted Martin additional time to demonstrate why this third federal petition should not be dismissed. On April 22, 1994, after considering Martin's arguments, the district court denied his motion for reconsideration. On April 28, Martin filed this appeal.[2]
 
 
 8
 Martin claims that this application satisfies the "ends of justice" inquiry[3] and is not barred as a successive writ of habeas corpus even though he alleges the same constitutional defects raised in his previous petitions because: (1) his previous filings could not have raised the claim that he was illegally denied counsel in subsequent post-conviction proceedings; and (2) a change in Kansas law justifies presenting his previously rejected double jeopardy argument.[4]
 
 
 9
 Martin concedes that the Constitution does not require appointed counsel for post-conviction proceedings, but he claims that Kansas Supreme Court Rules 183(i) and (m), codified at Kan. Stat. Ann. 60-2702(a), provide for a property right in post-conviction trial and appellate counsel which can be enforced through the due process or equal protection clause. While Supreme Court Rules 183(i) and (m) provide for the appointment of post-conviction counsel in cases where a petitioner can show the existence of "substantial questions of law or triable issues of fact," Kan. Stat. Ann. 22-4506 also so provides. Hence, assuming that Martin's claims met the criteria of "substantial questions of law or triable issues of fact," he could conceivably assert the existence of a property interest which could be protected through the due process or equal protection clause.
 
 
 10
 Martin specifically alleges that he was deprived of the right to post-conviction trial counsel and appellate counsel for the third petition for post-conviction relief that he submitted to the state courts. However, where the sentencing court has already considered the merits of a prisoner's motion for post-conviction relief in a previous motion, it need not consider a prisoner's successive motion.[5] Consequently, a prisoner has no right to post-conviction counsel in successive post-conviction petitions where the issue was or could have been raised previously because there will necessarily be no "substantial questions of law or triable issues of fact." As the third state petition was summarily denied, Martin's claims fail to qualify for appointment of post-conviction counsel. Hence, we reject Martin's right to post-conviction counsel claim.[6]
 
 
 11
 With respect to Martin's second claim, his motion to amend is denied and we will not consider his argument because it was first raised on appeal. Moreover, the successive writs doctrine[7] provides for no exception based on an intervening change in state law which would justify the filing of a successive writ. Hence, we AFFIRM the district court's dismissal of this action with prejudice.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 While the district court denied both petitioner's application to proceed in forma pauperis, pursuant to 28 U.S.C.1915(a), and petitioner's request for a certificate of probable cause, pursuant to 28 U.S.C. 2241 & 2254, we grant each on appeal. However, petitioner's motion for an appointment of counsel for this habeas corpus proceeding is denied
 
 
 [3]
 This inquiry is rooted in Sanders v. United States, 373 U.S. 1 (1963). Sanders provides that a petitioner bringing a successive writ must show that "although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground." Id. at 17
 
 
 [4]
 This claim was raised in a motion to amend
 
 
 [5]
 Supreme Court Rule 183(d), codified at Kan. Stat. Ann. 60-2702a, provides that "[t]he sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."
 
 
 [6]
 Martin did not challenge the denial of counsel in his first state post-conviction proceeding. While the denial of trial counsel during that proceeding could have presented a valid claim, Martin was granted trial counsel for his first state post-conviction proceeding. However, Martin was not granted appellate counsel in that same action, even though Kansas law provides that "the trial court shall appoint counsel to conduct the appeal" when "an appeal is taken in such action [i.e. where a trial court has determined a substantial question of law or triable issue of fact]." Kan. Stat. Ann. 22-4506(c)
 While that denial of appellate counsel could arguably constitute a due process violation, Martin cannot now raise this claim as he failed to present this argument when he had a previous opportunity to do so. Martin's first petition for post-conviction relief was denied by the state trial court on July 6, 1989, and his appeal from that denial was rejected by the Kansas Supreme Court on March 2, 1990. While Martin's first federal habeas petition was rejected by the district court on December 15, 1987, before the alleged deprivation of post-conviction appellate counsel, his second habeas petition, filed on July 7, 1990, could have raised the denial of post-conviction appellate counsel argument. While Martin raised five separate arguments in his second habeas petition, a denial of post-conviction appellate counsel was not among them. See McKune, 1993 WL 53114 at * * 2. The instant case is his third federal habeas petition. Moreover, the fact that Martin filed his previous petitions pro se does not excuse him from the bar of successive petitions for a writ of habeas corpus.
 
 
 [7]
 This doctrine is codified in Rule 9(b), Rules Governing 2254 Cases, 28 U.S.C. foll. 2254, and 28 U.S.C. 2254(b)